of such fact, although he admitted giving the paper upon which the suit was brought; but, in any event, the court was justified in believing the plaintiff, and deciding that the note was given in part as the consideration for the rescission of the contract.

The determination of the learned trial justice was correct, and the judgment must be affirmed, with costs. All concur.

---

### PASTER v. NAGELSMITH.

(Supreme Court, Appellate Term. - March 5, 1900.)

BENEFICIAL ASSOCIATIONS—MEMBERSHIP—SUSPENSION.

 No affirmative action on the part of a beneficial association is necessary in order to suspend a member for nonpayment of dues, where its laws provide that members in arrears for dues shall stand suspended.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Joseph Paster against Nathan D. Nagelsmith. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Engel & Oppenheimer, for appellant.
Sands & Waservogel, for respondent.

PER CURIAM. The plaintiff was suspended by force of section 243 of chapter 16 of the Grand Lodge Laws of the Knights of Pythias by the mere fact that he was in arrears for three months' dues. An affirmative action on the part of the defendant or of the grand lodge was unnecessary. He "stood suspended," and, by section 8 of article 5 of the By-Laws of the Republic Relief Association, he could receive no benefits until three months after his reinstatement.

Judgment affirmed, with costs.

---

### McDONALD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March 5, 1900.)

APPEAL—NEW TRIAL—HARMLESS ERROR.

 Judgment will not be reversed and a new trial awarded for error in the admission of evidence where the injurious effect of such evidence, if injurious at all, is slight.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by James McDonald against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Henry A. Robinson, for appellant.
Baldwin & Ward, for respondent.

PER CURIAM. The evidence shows that the plaintiff, while on his way to cross the defendant's tracks, saw the car three-quarters of the block away; that he had gone so far in crossing as to have

the horse on the easterly track when the car coming north was 70 feet away; and that he had started his horse up as soon as he got to the first rail of the westerly track. This showing sustains the judgment. The versions of the witnesses presented by defendant are so in conflict that it seems just to accept the plaintiff's version of the accident. The appellant contends that it is entitled to a new trial or reversal because of the admission of evidence as to the compensation of a coke driver. In this he is wrong, even if the evidence was improperly received. The effect of this evidence, if injurious at all, was but slight. The loss of time was but a few days.

Judgment affirmed, with costs.